## ANTHONY WAYNE POST NO. 418 et al. v. AMERICAN LEGION.

### No. 7757.

District Court, E. D. Pennsylvania.
Oct. 23, 1933.

E. H. P. Fronefield, of Media, Pa., and Ralph S. Croskey and Clement B. Wood, both of Philadelphia, Pa., for plaintiffs.

James P. McCormick and Vincent A. Carroll, both of Philadelphia, Pa. (Roy B. Pope,

of Wilkes Barre, Pa., Dept. Judge Advocate, and Remster Bingham, of Indianapolis, Ind., National Judge Advocate, of counsel), for defendant.

KIRKPATRICK, District Judge.

For the purposes of the jurisdictional question involved, the facts may be assumed to be as follows:

The American Legion, through action by the appropriate Department Executive Committee, has revoked the charter of Anthony Wayne Post No. 418, one of its subordinate bodies, because the latter, in violation of a departmental regulation, caused to be published in the public press copies of its resolutions condemning the position taken by the national body in favor of the prepayment of the bonus. The prayers of the bill are that the revocation of the charter be declared void; that the post be reinstated; and that interference with its functioning be restrained by injunction. The plaintiffs are members of the post who sue for themselves and for the unincorporated body, with whom is joined a corporation which holds title to the post's real estate; and the defendant is the American Legion, a federal corporation.

Jurisdiction is claimed upon the ground that the matter in controversy arises under laws of the United States, and the law involved is the Act of Congress of September 16, 1919 (c. 59, 41 Stat. 284, 36 U. S. C. § 41 [36 USCA § 41]), by which the American Legion was incorporated. That act empowers the corporation "to adopt a constitution, by-laws, and regulations to carry out its purposes, not inconsistent with the laws of the United States or of any State." (36 USCA § 44.)

The plaintiffs contend that the departmental "regulation" by virtue of which its charter has been revoked is inconsistent with article 1, § 7, of the Constitution of Pennsylvania which guarantees freedom of speech and of the press. Upon this point arises the issue upon the merits.

It is a federal question, say the plaintiffs, because the Act of Congress which limits the powers of the American Legion to make regulations, by the laws of the several states, impliedly incorporates into itself all the laws of each state in which any regulation is operative. Hence, any controversy as to whether or not a regulation contravenes a state law necessarily involves an interpretation of the Act of Congress as so expanded and brings the controversy within the general rule that where some right, title, privilege, or im-munity on which a recovery depends will be defeated by one construction of an act of Congress, or sustained by opposite construction, the case arises under the laws of the United States. Starin v. New York, 115 U. S. 248, 6 S. Ct. 28, 29 L. Ed. 388.

But even if this reasoning be sound (and I do not say that it is not), it fails to take into account the Act of February 13, 1925 (c. 229, § 12, 28 U. S. C. § 42 [28 USCA § 42]), which provides that "no district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress. * * *"

The plaintiffs' position is that the only thing done by the Act of 1925 (and the preceding Act of January 28, 1915, § 5, 38 Stat. 804) was to take away jurisdiction so far as it depended upon the existence of a constructive federal question arising from the mere fact of federal incorporation; and that, since a genuine controversy as to the interpretation of the act incorporating the American Legion is here involved, jurisdiction remains. The trouble with this is that there never has been any ground of jurisdiction of suits by or against federal corporations other than that an actual question of interpretation of the act of incorporation was involved in each case. Hence, when the acts of 1915 and 1925 eliminated federal incorporation as a ground of jurisdiction, they eliminated the only ground which had ever existed.

That the construction of the act of incorporation was the only basis of jurisdiction prior to 1915 appears plainly from the reasoning of the decisions. For example, in Shoshone Mining Company v. Rutter, 177 U. S. 505, 20 S. Ct. 726, 727, 44 L. Ed. 864, the court said: "A corporation has no powers and can incur no obligations except as authorized or provided for in its charter. Its power to do any act which it assumes to do, and its liability to any obligation which is sought to be cast upon it, depend upon its charter, and when such charter is given by one of the laws of the United States, there is the primary question of the extent and meaning of that law. In other words, as to every act or obligation the first question is whether that act or obligation is within the scope of the law of Congress, and that being the matter which must be first determined, a suit by or against the corporation is one which involves a construction of the terms of its charter; in other words, a question arising under the law of Congress."

The whole question of the effect of the Act

of 1915 was considered in Bankers' Trust Company v. Texas & Pacific R. Co., 241 U. S. 295, 36 S. Ct. 569, 572, 60 L. Ed. 1010, a suit to enforce a mortgage given by a federally chartered corporation, and the conclusion there reached that the intent of the act was to make the fact that the corporation "is incorporated under an act of Congress,—that is to say, derives its existence, faculties, and powers from such an act,—an entirely negligible factor in determining whether a suit by or against the company is one arising under the laws of the United States." This simply means that so far as any question of the extent or limitation of its charter powers forming a basis for federal jurisdiction is concerned, the company may as well have been incorporated under the law of one of the states.

The court, in referring to the effect of the act, further said: "These are direct and comprehensive words, and, when read in the light of the settled course of decision just mentioned, must be taken as requiring that a suit by or against a railroad company incorporated under an act of Congress be not regarded, for jurisdictional purposes, as arising under the laws of the United States, unless there be some adequate ground for so regarding it other than that the company was thus incorporated. Plainly, there was a purpose to effect a real change in the jurisdiction of such suits. Counsel for plaintiff concede that this is so. But they urge that all that is intended is to eliminate the mere creation of a railroad corporation under an act of Congress as a ground for regarding the suit as arising under the laws of the United States. In this there is an evident misapprehension of what constitutes incorporation, as also of the real basis of the jurisdiction affected. A corporation is never merely created. Being artificial, possessing no faculties or powers save such as are conferred by law, and having in legal contemplation no existence apart from them, its incorporation consists in giving it individuality and endowing it with the faculties and powers which it is to possess. It is upon this theory that the decisions have proceeded. The ruling has been that a suit by or against a Federal corporation arises under the laws of the United States, not merely because the corporation owes its creation to an act of Congress, but because it derives all of its capacities, faculties, and powers from the same source."

This definition of the scope of the Act of 1915 compels the conclusion that the court is without jurisdiction of this cause and the bill may therefore be dismissed.